U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2013 JAN -9 PM 3:51
CLERK
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| JAMES "JAK" KNELMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MIDDLEBURY COLLEGE, and ) <br> BILL BEANEY, ) <br> ) <br> Defendants. ) | Case No. 5:11-cv-123 |

**ENTRY ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY
OF A FINAL JUDGMENT UNDER RULE 54(b).**
(Doc. 66)

This matter comes before the court on Plaintiff James Knelman's motion for entry of a final judgment under Rule 54(b). (Doc. 66.) Mr. Knelman seeks the entry of a final judgment as to some, but not all, of his claims against Defendants Middlebury College ("Middlebury") and Bill Beaney ("Coach Beaney") so that he may immediately appeal those claims to the Court of Appeals for the Second Circuit. He seeks a stay of his remaining claims while he awaits the outcome of the proposed appeal. Defendants oppose the motion.

I.   **Factual and Procedural Background.**

On May 11, 2011, Mr. Knelman filed a six count Complaint against Defendants, arising out of Coach Beaney's decision to dismiss Mr. Knelman as a player on Middlebury's men's ice hockey team during the final weeks of the 2010-2011 season. Mr. Knelman has since graduated from Middlebury and thus many, if not all, of his claims for injunctive relief (including reinstatement to the ice hockey team) appear moot. He seeks compensatory damages in an amount in excess of $75,000 and punitive damages, attorney's fees, and prejudgment interest as permitted by Vermont law.

In his Complaint, Mr. Knelman alleges that his relationship with Middlebury was contractual in nature and that Middlebury breached its alleged promise to provide him with procedural due process before he could be dismissed from the ice hockey team. He asserts Middlebury breached the implied covenant of good faith and fair dealing based upon the same conduct. Mr. Knelman further alleges that the relationship between himself and Middlebury was fiduciary in nature and Middlebury had a "duty to act in Knelman's best interest and with the highest standards of integrity and good faith in its dealings with Knelman." (Doc. 1 at ¶ 100.) He asserts a parallel claim of breach of fiduciary duty against Coach Beaney.

Mr. Knelman contends that the manner in which Coach Beaney handled his dismissal from the team was arbitrary and capricious and defamed Mr. Knelman in his chosen prospective profession as a professional ice hockey player. Mr. Knelman's defamation claim is based upon Coach Beaney's alleged statements that "Knelman is selfish, Knelman 'had problems' on the hockey team last year, the decision leading to Knelman's dismissal was 'not an isolated incident,' and he does not think 'hockey is a priority' for Knelman." (Doc. 1 at ¶ 108.). As framed in his Complaint, Mr. Knelman's defamation claim is asserted against both Defendants.

Finally, in his negligent supervision claim, Mr. Knelman asserts that Middlebury knew or had reason to know that Coach Beaney had a "propensity to engage in tortious acts of breach of the fiduciary duty owing to his students and defamation[,]" and "was advised of Coach Beaney's ongoing tortious conduct and Middlebury took no action to stop, prevent or sanction Coach Beaney, but rather condoned, approved and ratified the incidents of tortious conduct." (Doc. 1 at ¶ 119.)

By Opinion and Order dated September 28, 2012, the court granted partial summary judgment in Defendants' favor on Count I (breach of contract against Middlebury); Count II (breach of the implied covenant of good faith and fair dealing against Middlebury); Count III (breach of fiduciary duty against Middlebury); and Count IV (breach of fiduciary duty against Coach Beaney). The court granted in part and denied in part summary judgment with regard to Count V (defamation claim against

2

Middlebury and Coach Beaney) and denied summary judgment on Count VI (negligent supervision against Middlebury) because the defamation claim was only partially dismissed.

Mr. Knelman seeks an entry of final judgment as to Counts I through IV of his Complaint so that he may take an immediate appeal. With regard to his defamation claim, although the court has dismissed part of that claim, Mr. Knelman does not, at this time, seek to appeal any portion of it. He seeks a stay of all remaining claims in this court pending the outcome of his appeal.

Defendants object to the entry of final judgment and a stay and counter that Mr. Knelman may achieve the same result by dismissing his remaining claims without prejudice while he pursues his appeal. If Mr. Knelman pursues this option, Defendants apparently agree that an entry of final judgment should be directed.

Mr. Knelman is represented by Joseph W. Anthony, Esq., Mary L. Knoblauch, Esq., Kristin B. Rowell, Esq., Robert F. O'Neill, Esq., and Andrew D. Manitsky, Esq. Defendants are represented by Karen McAndrew, Esq.

For the reasons set forth below, the court hereby DENIES Mr. Knelman's motion for entry of a final judgment under Rule 54(b).

## II. Conclusions of Law and Analysis.

Under Rule 54(b), "a district court may certify a final judgment where: (1) there are multiple claims or parties; (2) at least one claim or the rights and liabilities of at least one party has been determined; and (3) there is 'an express determination that there is no just reason for delay.'" *Transport Workers Union of America, Local 100, AFL-CIO v. New York City Transit Auth.*, 505 F.3d 226, 230 (2d Cir. 2007) (quoting Fed. R. Civ. P 54(b)). "[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments . . . a district court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980). A court should also "consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to

3

decide the same issues more than once even if there were subsequent appeals." *Id.* Where "the adjudicated and pending claims are closely related and stem from essentially the same factual allegations[,]" a piecemeal appeal may be inappropriate as resolution of the remaining claims "will illuminate appellate review of the [adjudicated] claims." *Cullen v. Margiotta*, 618 F.2d 226, 228 (2d Cir. 1980). Even where the adjudicated and remaining claims may be decided separately, a partial entry of final judgment "should be used only in the infrequent harsh case," and only if there exists "some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *O'Bert ex rel. Estate of O'Bert v. Vargo*, 331 F.3d 29, 41 (2d Cir. 2003) (quoting *Cullen*, 618 F.2d at 228).

"The matter of whether to direct the entry of a partial final judgment in advance of the final adjudication of all of the claims in the suit must be considered in light of the goal of judicial economy as served by the 'historic federal policy against piecemeal appeals.'" *Vargo*, 331 F.3d at 40-41 (quoting *Curtiss-Wright*, 446 U.S. at 8). "Respect for that policy requires that the court's power . . . be exercised sparingly[,]" bearing in mind "that 'not all' dismissals of 'individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims.'" *Vargo*, 331 F.3d at 41 (quoting *Curtiss-Wright*, 446 U.S. at 8).

The Second Circuit has directed the trial courts to refrain from entering Rule 54(b) certifications "routinely or as a courtesy or accommodation to counsel," *Ansam Assocs. Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445 (2d Cir. 1985), but to do so only where the circumstances warrant an immediate appeal and where that appeal is "in the interest of sound judicial administration" which "must involve a proper regard for the duties of both the district court and the appellate court." *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1094, 1095 (2d Cir. 1992).

Mr. Knelman argues that there is "no just reason for delay in the entry of judgment" because Counts I through IV "are legally separable from the remaining defamation and negligent supervision claims." (Doc. 66 at 1.) However, Mr. Knelman's negligent supervision claim (which he *does not* seek to appeal) is based, in part, upon his

4

breach of fiduciary duty claim against Coach Beaney which he *does* seek to appeal and in part on his defamation claim which he *does not* seek to appeal. *See* Doc. 1 at ¶ 119 (alleging that Middlebury negligently supervised Coach Beaney because it "knew or had reason to know of Coach Beaney's propensity to engage in tortious acts of breach of the fiduciary duty owing to his students and defamation."). The Second Circuit has ruled that Rule 54(b) certification is not available "where the party and the claim remain in the case." *Steve's Homemade Ice Cream, Inc. v. Stewart*, 907 F.2d 364, 366 (2d Cir. 1990). Although the instant case is arguably distinguishable, this remains a case in which Mr. Knelman seeks to take a partial appeal that will affect a claim and a party that remain before the district court. "[T]he interrelationship of the dismissed and surviving claims is generally a reason for not granting a Rule 54(b) certification, not a reason for granting it." *Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021, 1026 (2d Cir. 1992).

Moreover, the possibility of piecemeal and repetitive appeals in this case is by no means remote even in the absence of Mr. Knelman's negligent supervision claim. Each of Mr. Knelman's claims involves a common core of factual allegations involving the same events, the same parties, many of the same witnesses and the same body of evidence. Each of Mr. Knelman's legal theories arises out of and is inextricably intertwined in his dismissal from Middlebury's ice hockey team. It is thus quite possible, if certification is granted, that the Second Circuit, as well as this court, may have to consider the same facts and their legal implications twice. Although Mr. Knelman correctly points out that he has raised legal claims of first impression and that it would be helpful to have appellate guidance as to whether the evidence before the court is sufficient to sustain those claims, "a district court's preference to have pretrial appellate review of its assessment of the evidence to support a given claim is an improper basis for entry of an immediate partial final judgment." *Id.* at 1026.

There is also the possibility of conflicting adjudications if a Rule 54(b) certification is not accompanied by a stay of the remaining claims before this court. Indeed, the only way an immediate appeal would make sense is if either a stay is granted or Mr. Knelman dismisses his remaining claims without prejudice. In the absence of

5

either of these two options, a Rule 54(b) certification would not advance judicial economy and sound judicial administration in either the trial or the appellate court as both courts could render potentially conflicting adjudications based upon the same set of facts.[1] The granting of a stay is thus integral to Mr. Knelman's Rule 54(b) motion.

The Second Circuit has held that the trial courts must balance four criteria in determining whether to stay a case pending appeal: "the likelihood of success on the merits, irreparable injury if a stay is denied, substantial injury to the party opposing a stay if one is issued, and the public interest." *Mohammed v. Reno*, 309 F.3d 95, 100 (2d Cir. 2002). Mr. Knelman seeks to appeal legal issues which he describes as unsettled in Vermont and the Second Circuit. His claims that have been dismissed are properly characterized as "novel" in the context of a student-athlete suing his coach and college based upon his dismissal from an extracurricular sport which carried with it no scholarship benefits. The court thus cannot find that he has demonstrated a strong likelihood of success on the merits.

The only injury Mr. Knelman will suffer if a stay is not granted is the possibility that he will need to litigate his claims twice—a risk that is arguably insubstantial if his claims are not factually and legally intertwined as he claims. In seeking a stay, however, Mr. Knelman concedes that the claims he seeks to appeal and the claims remaining in this court, if he is successful on appeal, will require a second trial involving the same facts, the same parties, and many of the same witnesses. Although the harm Mr. Knelman may suffer if forced to litigate his claims twice is neither unexpected nor unusual, two trials involving the same set of facts, the same parties, and many of the same witnesses would clearly be a waste of judicial and party resources. There is thus the possibility of unnecessary and duplicative expense if a stay is not granted.

Defendants contend that the court must also consider their competing interests and the hardships they will suffer in deciding whether to grant a Rule 54(b) certification and a

---

[1] For example, a conclusion by the Second Circuit that Defendants, or either one of them, owed a fiduciary duty to Mr. Knelman would potentially transform the nature and outcome of some of Mr. Knelman's other claims.

stay. They point out that this case has been pending since May of 2011 and that it will be pending for potentially several more years if Mr. Knelman's motion for certification and a stay are granted. Defendants will be thus exposed to prolonged litigation rather than receiving a prompt adjudication of the claims against them while Mr. Knelman pursues an appeal that, if successful, will benefit only him. As Defendants point out with regard to the claims Mr. Knelman seeks to appeal: "If those claims are as separate and distinct as [Mr. Knelman] argues that they are, then there is no reason why those claims cannot proceed to trial forthwith. Trial on the remaining claims should take at most a day or two, and Defendant Beaney is entitled to have those claims resolved expeditiously." (Doc. 67 at 4). If, in contrast, the facts and claims are intertwined in a manner that makes Rule 54(b) certification unadvisable, Defendants argue the court should not attempt to cure this problem by granting a stay that is not warranted. For the reasons stated by Defendants, the court agrees that this is not a case where certification and a stay will "make possible a more expeditious and just result for all the parties." *L.B. Foster Co. v. American Piles, Inc.*, 138 F.3d 81, 87 (2d Cir. 1998).

Finally, the public interest does not favor a stay. Although the public interest in a private dispute such as the instant one is not a compelling one, and although the public interest is not advanced by duplicative judicial proceedings, the public also has no interest in prolonged litigation or in partially adjudicated cases that remain pending but which do not progress to a resolution while one party pursues an appeal.

On balance, Mr. Knelman has not established that a stay is warranted in this case. In the absence of a stay or dismissal of his remaining claims, a Rule 54(b) certification is not appropriate as the claims on appeal and the claims pending before this court are sufficiently intertwined that they will all but guarantee duplicative proceedings and piecemeal appeals.

## CONCLUSION

For the foregoing reasons, the court hereby DENIES Mr. Knelman's motion for entry of a final judgment under Rule 54(b) and a stay of the claims remaining in this lawsuit.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 9th day of January, 2013.

Christina Reiss, Chief Judge
United States District Court